Catherine Kilduff (CA Bar No. 256331)
David Derrick (CA Bar No. 316745)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
tel: (510) 844-7100
email: ckilduff@biologicaldiversity.org
email: dderrick@biologicaldiversity.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al., | Case No. 4:25-CV-09109-YGR |
| *Plaintiffs*, | **INITIAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | Conference Date:  January 27, 2026 |
| NATIONAL MARINE FISHERIES SERVICE et al., | Time: 9:30 a.m. Department: Videoconference Judge: Honorable Yvonne Gonzalez Rogers |
| *Defendants*. | |

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:25-CV-09109-YGR

Pursuant to Civil L. R. 16-9, the Standing Order for All Judges of the Northern District of California, and Judge Gonzalez Rogers' Order Setting Case Management Conference (Dkt. 15), the Parties timely submit this Initial Joint Case Management Statement.

### 1. Jurisdiction and Service

Plaintiffs allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346 (action against the United States); 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his or her duty); 28 U.S.C. § 2201–02 (power to issue declaratory judgments and grant relief in cases of actual controversy); 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act (ESA)); and 5 U.S.C. § 702 (Administrative Procedure Act (APA)). Plaintiffs served the complaint and other documents on the Defendants. The National Marine Fisheries Service (NMFS) received the documents on November 4, 2025. Assistant Administrator Piñeiro Soler received the documents on November 6, 2025. Acting Commandant Admiral Lunday received the documents on November 7, 2025. The U.S. Coast Guard (USCG), Attorney General, and U.S. Attorney's Office received the documents on November 10, 2025. Dkt. 9. Defendants deny all jurisdictional allegations and dispute that the APA, 5 U.S.C. § 702, provides jurisdiction for certain claims in the Complaint.

### 2. Facts

<u>Plaintiffs' Statement:</u> Protected whales and sea turtles on the Pacific coast are experiencing a ship strike crisis. Blue, fin, humpback, and Southern Resident killer whales and leatherback sea turtles face mortality rates from collisions with oceangoing vessels that exceeds what these endangered species can sustain. The risk is particularly high to blue whales. Defendant NMFS has estimated that about one blue whale can die from ship strikes annually along the entire West Coast if the population is to reach a sustainable level, yet in Southern California alone, nearly 9 blue whales are killed from such collisions each year. Vessel traffic also causes underwater noise pollution and risks oil spills. Much of the harm to whales from ships stems from the fact that vessel traffic patterns overlap heavily with whale habitat, according to Defendants' own statements.

USCG designates and amends vessel routing measures, including traffic separation schemes (TSS), fairways, areas to be avoided, precautionary areas, and recommended routes. 33 CFR §§ 167.1, 167.5, 167.15. These direct where vessels navigate, and USCG effectuates them via various methods, like formal regulations, international agreement via the International Maritime Organization (IMO), and voluntary requests issued via Notices to Mariners. Under the Ports and Waterways Safety Act, USCG must conduct a Port Access Route Study, or PARS, before establishing or changing fairways and TSSs. 46 U.S.C. § 70003(a), (c).

USCG has designated and amended routing measures in recent years. For example, in March 2022, USCG submitted formal proposals to the IMO to extend the Santa Barbara Channel TSS 13 nautical miles westward and expand the Area To Be Avoided around the Channel Islands. These submissions included specific geographic coordinates and requested implementation within six months of adoption. Prior to IMO adoption of these measures, USCG implemented them on a voluntary basis and analyzed vessel location data that showed high compliance rates.

In July 2022, the Coast Guard published notice of the Draft Pacific Coast PARS (PAC PARS), which contained specific routing recommendations with precise coordinates for the entire Pacific Coast, and requested public comments. 87 Fed. Reg. 52,587 (Aug. 26, 2022). In June 2023 it announced availability of the study results, which in part recommended fairways that accounted for the expansion of the above-mentioned Area To Be Avoided and the associated extension of the Santa Barbara Channel TSS, and fairways to approach Los Angeles/Long Beach and San Francisco. 88 Fed. Reg. 36607 (June 5, 2023). Together, these actions—formal international submissions, voluntary implementation with documented compliance, and publication of fairways that accounted for earlier actions—constitute concrete federal decisions with in-the-water effects on vessel traffic patterns in habitat critical to endangered whale populations.

USCG has long recognized that its routing measures impact endangered species, and therefore it consults with NMFS to analyze the effect of these actions on protected whales and turtles. On October 24, 2013, the USCG initiated Section 7 consultation with NMFS under the ESA regarding USCG's designation and modification of TSS off the California coast. NMFS

JOINT CASE MANAGEMENT STATEMENT                                                                 2
Case No. 4:25-CV-09109-YGR

issued a biological opinion on February 23, 2017, analyzing the effect of these routing measures on protected marine animals. On April 29, 2020, USCG requested reinitiation of consultation, but NMFS never completed it. In December 2022, this Court vacated the 2017 biological opinion, holding that it violated the ESA. *Ctr. for Biological Diversity v. NOAA Fisheries*, 644 F. Supp. 3d 574 (N.D. Cal. 2022). No valid biological opinion covers the designation and modification of routing measures off California or any other related USCG action. Further, USCG did not complete an environmental analysis or environmental impact statement for the designation and amendment of routing measures off California, as required by NEPA.

Plaintiffs Center for Biological Diversity and Friends of the Earth filed suit on October 23, 2025. Compl. Dkt. 1. Plaintiffs' Complaint alleges three claims. First, USCG is violating Section 7(a)(2) of the ESA by failing to ensure that its actions do not jeopardize ESA-listed species or destroy or adversely modify their critical habitat. Second, NMFS has unlawfully withheld or unreasonably delayed completion of consultation, in violation of the APA. Finally, USCG violated NEPA by designating, amending, and implementing routing measures without preparing an environmental assessment or environmental impact statement.

Defendants' Statement:  A PARS is a study of vessel routes used to access U.S. ports, and to improve safety and efficiency of vessel navigation.  Unless and until USCG takes further action on the recommendations in a PARS, a PARS has no practical effect and does not designate, amend, or implement new vessel routing systems.  The USCG took PARS recommendations in a San Francisco PARS (2009) and a Los Angeles/Long Beach PARS (2011) to the IMO in 2012 to seek international adoption and, subsequently, the USCG initiated consultation with NMFS in 2013 on a type of routing measure called traffic separation schemes in California (California TSS) that the IMO adopted.  NMFS completed a biological opinion in 2017 and, based on new scientific information and the listing of new species, USCG requested reinitiation of consultation in April 2020. Shortly thereafter, Plaintiffs filed their first lawsuit, as discussed above.

USCG initially anticipated sending NMFS a complete initiation package on the reinitiated consultation in 2021, but its timeframe for doing so was delayed due to limited staff

and the demands of Plaintiffs' prior lawsuit. A court ultimately vacated the biological opinion in late 2022 before USCG could submit a complete reinitiation package to NMFS. Since then, the USCG completed a PARS for the entire Pacific Coast from Washington to California (PAC PARS) and is in discussions to engage in a programmatic consultation process with NMFS regarding vessel routing systems contemplated along the West Coast and other locations.  USCG contractors currently are performing initial NEPA work for the West Coast vessel routing systems.  In light of these plans, USCG does not intend to complete the reinitiated consultation and has withdrawn its April 2020 request to reinitiate consultation. Given that withdrawal, the agencies will not be engaging in ESA Section 7 consultation on the California TSS. Instead, USCG intends to submit a new, complete programmatic consultation package to NMFS expeditiously as soon as the agencies come to an agreement on the form of programmatic consultation.

The PAC PARS recommended six new fairways (areas where structures cannot be built) between San Diego and Seattle. As required by statute, *see* 46 U.S.C. § 70003, USCG published notice of the PAC PARS in the Federal Register on June 5, 2023. 88 Fed. Reg. 36,607; *see* 46 U.S.C.§ 70003(c)(1). The law also requires USCG to issue a notice of proposed rulemaking for designations contemplated in a PARS or, alternatively, notice that no designation is contemplated as a result of a PARS. 46 U.S.C. § 70003(2)(A)-(B). USCG has not yet issued a notice of proposed rulemaking for designations contemplated in the PAC PARS, nor has USCG issued a notice stating that no designation is contemplated as a result of the PAC PARS.  As the IMO does not consider USCG fairways to be vessel routing measures, it will not adopt any fairways designated by the USCG and will not publish them in its compendium *Ships' Routeing*. The National Oceanic and Atmospheric Administration (NOAA) will add USCG-designated fairways to U.S. nautical charts upon publication of a final rule that describes the fairways in 33 C.F.R. part 166.  As such, the fairways recommended by the PAC PARS will not be adopted by the IMO and have not been charted by NOAA, as the USCG has not yet commenced a rulemaking to designate them.

3.  **Legal Issues**

Plaintiffs: First, USCG is violating Section 7(a)(2) of the ESA by failing to ensure that its designation, amendment, and implementation of vessel routing measures—including completion of the PAC PARS—will not jeopardize the continued existence of blue, fin, humpback, and Southern Resident killer whales and leatherback sea turtles or destroy or adversely modify their critical habitat. 16 U.S.C. §1536(a)(2); 50 C.F.R. § 402.14(a). USCG has taken these actions without completing consultation and without a valid biological opinion in place, in violation of the ESA and the APA. Second, NMFS has unlawfully withheld or unreasonably delayed completion of the biological opinion required under Section 7 of the ESA, in violation of the APA. 5 U.S.C. §§ 555(b), 706(1). The ESA requires that consultation be completed within 90 days of initiation unless the agencies agree to another timeline. 16 U.S.C. § 1536(b)(1)(A); 50 C.F.R. § 402.14(e). USCG reinitiated consultation in 2020, and NMFS has failed to complete consultation since that time. Third, USCG violated NEPA by designating, amending, and implementing vessel routing measures without preparing an environmental assessment or environmental impact statement analyzing the impacts to the environment, including ESA-listed marine species, in violation of NEPA and the APA. 42 U.S.C. § 4332(2)(C); 5 U.S.C. §§ 555(b), 706(1).

Defendants:  Defendants deny any violation of law and aver that Plaintiffs' allegations have no merit.  Claim 2 against NMFS is moot because the USCG has withdrawn its April 2020 request to reinitiate consultation on the 2017 biological opinion.  Defendants do not concede that USCG's April 2020 request to reinitiate consultation placed NMFS under the statutory deadlines alleged by Plaintiffs to issue a new biological opinion. In any event, when that request is withdrawn, to the extent NMFS was under any such deadline, NMFS will no longer have any such obligation to complete consultation and the agencies will not be engaged in consultation under ESA Section 7 on the California TSS. Defendants further dispute Plaintiffs' characterization of the timeframes for completing consultation.  *See* 16 U.S.C. § 1536(a)(2), (b)(1)(B). Further, this Court lacks subject matter jurisdiction under the APA to consider challenges to the PAC PARS because it is not a final agency action.  A PARS, standing alone, is a

study that only contains recommendations for future rulemaking that the agency subsequently decides whether or not to pursue.  The USCG has not submitted PAC PARS to, nor has it been adopted by, the IMO, nor has USCG codified it in a rulemaking. In accordance with the APA, only final agency actions may be challenged under the ESA or NEPA. *See Nat'l Ass'n of Home Builders v. Defs. of Wildlife,* 551 U.S. 644, 659 (2007); *Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 867 (9th Cir. 2022). Accordingly, Claim 1 should be dismissed to the extent that it alleges that USCG was required to initiate ESA Section 7 consultation with NMFS on the PAC PARS.  Nor is the PAC PARS a final agency action that is reviewable by this Court for compliance with NEPA. Additionally, to the extent that Claim 3 challenges routing measures beyond those recommended by the PAC PARS, such challenges are time barred under 28 U.S.C. § 2401(a), as these measures were implemented over six years ago. Thus, the Court should dismiss Claim 3 in its entirety.  Defendants otherwise reserve all defenses to all claims in the Complaint.

**4.  Motions**

Prior Motions: On October 24, 2025, Plaintiffs filed an Administrative Motion to Consider Whether Cases Should be Related in *Ctr. for Biological Diversity v. NOAA Fisheries,* 4:21-cv-00345-KAW, and a notice of that motion in the instant case. On December 18, 2025, the Parties filed a stipulation for an Extension of Time for Defendants to Answer or Respond to Plaintiffs' Complaint. Dkt. 14.

Anticipated Motions: Defendants intend to file a motion for partial dismissal on January 30, 2026, which will address Claim 1 in part and Claims 2 and 3 in their entirety. *See* Dkt. 14; *see also* Paragraph 15, *infra*. The Parties agree that the merits of any remaining claims will be resolved through cross-motions for summary judgment. Defendants state that cross-motions for summary judgment should be filed only after Defendants lodge the administrative records. Plaintiffs maintain such a requirement is unnecessary because summary judgment can be supported by judicially noticeable documents.

## 5. Amendment of Pleadings

Plaintiffs do not anticipate amendment of the pleadings at this time, but reserve the right to do so upon review of the Defendants' forthcoming motion to dismiss.

## 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Defendants state that Fed. R. Civ. P. 26 and the Guidelines are inapplicable here because judicial review of the alleged USCG and NMFS actions is limited to the administrative record for those actions. Fed. R. Civ. P. 26(a)(1)(B)(i). Both the scope and standard of the APA, 5 U.S.C. §§ 702, 706, govern judicial review of Plaintiffs' claims. As a result, the basis for this Court's review will be the administrative records compiled by Defendants, not fact-finding by the Court. *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *San Luis & Delta Mendota Water Auth. v. U.S. Dep't of the Interior*, 984 F. Supp. 2d 1048, 1060 (E.D. Cal. 2013). Defendants' administrative records will contain a certification from an agency official that the documents therein constitute the administrative record for the challenged actions.

Plaintiffs maintain that resolution of this case is not cabined to review of an administrative record, as discussed in the following section.

Further procedures regarding evidence preservation are not applicable.

## 7. Disclosures

Plaintiffs: Plaintiffs do not anticipate discovery or evidentiary disclosures at this time. Because Plaintiffs are challenging agency inaction under 5 U.S.C. § 706(1) as well as citizen suit claims under the ESA, 16 U.S.C. § 1540(g), this case is not confined to an administrative record. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 496 (9th Cir. 2011) ("[T]he APA applies only where there is 'no other adequate remedy in a court,' and—because the ESA provides a citizen suit remedy —the APA does not apply in such actions. Therefore . . . we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim."); *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (In APA section 706(1) cases, "review is not limited to the [administrative] record as it existed at any

single point in time, because there is no final agency action to demarcate the limits of the record."). The documents needed to support Plaintiffs' claims are publicly available, judicially noticeable documents. *See, e.g.,* Fed. R. Evid. 201 (allowing judicial notice of a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Plaintiffs do not anticipate discovery at this time.

Defendants: Defendants aver that this case is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26 because it is an action for review on an administrative record. Fed. R. Civ. P. 26(a)(1)(B)(i). The well-established principle that judicial review involving APA claims is appropriately limited to the administrative record applies equally to cases where, as here, a plaintiff alleges an unlawful failure to carry out ESA Section 7 consultation and failure to complete environmental analysis required by NEPA. *See* 5 U.S.C. § 706 (actions to "compel agency action unlawfully withheld or unreasonably delayed" are reviewed based on "the whole record or those parts of it cited by a party"); 5 U.S.C. § 551(13) (APA definition of "action" includes "failure to act"); *see also San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002); *City of Santa Clarita v. U.S. Dep't of Interior*, No. CV 02-0697 DT(FMOX), 2005 WL 2972987, at *2 (C.D. Cal. Oct. 31, 2005) ("Contrary to Plaintiffs' assertions, the Ninth Circuit precedent does not hold that review of a "failure to act" claim is not pursuant to the administrative record.").

## 8. Discovery

The Parties do not anticipate any discovery or evidentiary disclosures at this time. Plaintiffs may seek limited discovery as relevant to their claims and requested relief after further proceedings. Plaintiffs will meet and confer with Defendants before serving any such discovery. Defendants state that Plaintiffs should meet and confer in advance of serving discovery so that Defendants can assess whether to file a motion to limit the scope and standard of review to the administrative record and, alternatively, reserve their right to seek a protective order and/or oppose any motion that Plaintiffs may file regarding the scope and standard of review of their claims. *See* Paragraph 7, *supra.*

**9.  Class Actions**

Not applicable.

**10. Related Cases**

Plaintiffs filed an administrative motion under Civil Local Rules 3-12 and 7-11 to relate this matter to previous litigation between the same parties, *Center for Biological Diversity et al. v. NOAA Fisheries et al,* Case No. 4:21-cv-00345-KAW. On October 30, 2025, the Honorable Kandis Westmore granted the motion and ordered that this case be reassigned to her. Order Granting Administrative Motion to Consider Whether Cases Should Be Related, ECF 73. On December 16, 2025, Federal Defendants declined to proceed before a U.S. Magistrate Judge, and the case was again reassigned. Dkt. 11, 12. On January 14, 2026, the case was directly assigned to the Honorable Kandis Westmore. Dkt. 19. In response to the Court's Order of January 15, 2026, the parties have met and conferred and Defendants state that they do not consent to a Magistrate Judge for all purposes. Dkt. 20. Plaintiffs state that they consent to a Magistrate Judge for all purposes.

**11. Relief**

The Parties agree that this case does not involve any damages. Plaintiffs seek declaratory and an Order compelling NMFS and USCG to complete section 7 consultation under the ESA and implement interim measures to reduce the risk of vessel strikes of endangered whales and sea turtles, an order compelling USCG to complete an EIS under NEPA, and an order awarding attorneys' fees. Defendants aver that the Court lacks jurisdiction for some of Plaintiffs' claims and that each of Plaintiffs' claims is without merit. Defendants further deny that Plaintiffs are entitled to their requested relief or any relief whatsoever.

**12. Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5 and timely filed ADR certification forms. Dkt. 16, 17. The Parties do not believe that settlement of the merits is likely or that ADR proceedings would assist the disposition of the case of the case at this time. *See* Civil L. R.16-8(d)(3).

JOINT CASE MANAGEMENT STATEMENT                                                          9
Case No. 4:25-CV-09109-YGR

**13. Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties do not believe the substantive issues can be narrowed beyond the scope of the anticipated summary judgment motions.

**15. Scheduling**

Defendants intend to file a motion for partial dismissal on January 30, 2026, as described in Paragraph 4 of this filing.  The Parties have met and conferred and agreed that Plaintiffs will respond on February 25, 2026, and Defendants will file their reply in support of the motion to dismiss on March 11, 2026.  Defendants intend to notice the motion for hearing on April 7, 2026. In light of this motion practice, which has the potential to significantly narrow the claims against one defendant and to eliminate the claim against the other defendant, the Parties propose that they defer further scheduling at this time and submit a schedule for the remainder of the case within 10 days of the Court's decision on the motion to dismiss. The Parties further request that they be excused from this Court's prefiling conference requirement for summary judgment motions, *see* Standing Order ¶ 9(a), because the Parties intend to resolve any remaining claims through cross-motions for summary judgment and anticipate agreeing to a schedule for such motions.

**16. Trial**

At this time, the Parties agree that this case will not require a trial, as it should be resolved on dispositive motions (motion for partial dismissal or cross-motions for summary judgment).

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs: Plaintiffs filed their Certificate of Interested Entities on October 23, 2025. Dkt. 4.

Defendants: Civil Local Rule 3-15 does not apply to Defendants. *See* Civil L.R. 3-15(a).

**18. Professional Conduct**

Counsel for both Plaintiffs and Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Because fact-finding by the Court is unnecessary at this time, *see* Paragraphs 6–8, *supra*, the Parties request that they be relieved of the requirement in this Court's standing order to file separate statements of fact in support of their cross-motions for summary judgment. *See* Standing Order ¶ 9(c). The Parties instead propose that they cite to relevant portions of the administrative record and judicially-noticed, publicly-available evidence in their summary judgment motions, responses, and replies. The Parties reserve their right to object to requests for judicial notice as appropriate.

Dated: January 20, 2026                    Respectfully submitted,

                                           /s/ *Catherine Kilduff*
                                           Catherine Kilduff (CA Bar No. 256331)
                                           David Derrick (CA Bar No. 316745)
                                           CENTER FOR BIOLOGICAL DIVERSITY
                                           2100 Franklin St., Suite 375
                                           Oakland, CA 94612
                                           tel: (510) 844-7100
                                           email: ckilduff@biologicaldiversity.org
                                           email: dderrick@biologicaldiversity.org

                                           *Attorneys for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief

/s/ Alison C. Finnegan
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611

Washington, D.C. 20044-7611
Tel: (202) 532-3312; Fax: (202) 305-0275
alison.c.finnegan@usdoj.gov

s/ Jennifer A. Sundook
Jennifer A. Sundook
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 341-2791; Fax: (202) 305-0275
Jennifer.Sundook@usdoj.gov

Attorneys for Defendants

**ATTESTATION**

I, Catherine Kilduff, am the ECF user whose identification and password are being used to file this INITIAL JOINT CASE MANAGEMENT STATEMENT. In compliance with L.R. 5-1(i), I attest that the other signatory has concurred in this filing.

DATED: January 20, 2026

/s/ *Catherine Kilduff*

Catherine Kilduff

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. [In addition, the Court makes the further orders stated below:]

Dated: _____

_____
HON. YVONNE GONZALEZ ROGERS
United States Judge